## STATE v. BARTH.

The defendant, in his trial for murder, having introduced testimony of his good character, the Circuit Judge erred in charging the jury that the law limits the effect of good character to doubtful cases, and that only in such cases is it available.

Before COTHRAN, J., Berkeley, October, 1885.

Upon the only point decided by the court, the opinion fully states the case.

*Messrs. Mitchell & Smith,* for appellant.

*Mr. Solicitor Jervey,* contra.

July 6, 1886.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   The defendant was tried at the October term of the court for Berkeley County, for the murder of one James Hutchinson.   The principal defence was that the killing was in self-defence, but he was found guilty of manslaughter, with a recommendation to mercy, and sentenced to five years in the penitentiary.   His counsel made a motion for a new trial, and that being refused, he appeals to this court upon the following grounds:

1. "That his honor erred in charging that the good character of the accused was not a fact like all other facts proved in the case, to be weighed and estimated by the jury, but that its value was limited to doubtful cases; whereas he should have charged the jury that the good character of the accused is a fact fit like all other facts proved in the case to be weighed and estimated by the jury, and its value is not to be limited to doubtful cases.

2. "That his honor erred in refusing to grant a new trial,

when it appeared that there was an improper and illegal influence brought to bear on one of the jurors, to the prejudice of the defendant, by a constable in charge of the said juror, attending to a call of nature, as set forth in the affidavits of R. J. Magill and George F. Haselden.

3. "That his honor should have granted a new trial, it appearing that an impartial trial was impaired by the clothing of the deceased being carried into the jury room during their deliberations, and examined by them, or some of them, without the order of the court or consent of counsel for the prisoner.

4. "That on the motion for a new trial, his honor erred in excluding from consideration the affidavit of George Coleman, one of the jurors empannelled in the case," &c.

As to the first exception. There was uncontradicted testimony as to the good character of the defendant—that he was not given to seek quarrels, and was "peaceable and quiet." The court was requested to charge, "That the good character of the accused is a fact fit like all other facts proved in the case to be weighed and estimated by the jury, and its value is not to be limited to doubtful cases; on the contrary, it may create a reasonable doubt as to evidence, which might otherwise appear conclusive; and such also is the effect of the bad character of the deceased." This request was refused, and instead thereof the court charged as follows: "That request involves the consideration of what appears to be a solecism of law, or rather I should say a paradox. You have heard in every case you have sat upon, that the defendant was entitled to the benefit of every reasonable doubt; now, here is a request which says that the good character of the accused is a fact, like all other facts proved in the case, to be weighed and estimated by the jury, and its value is not to be limited to doubtful cases. The law does limit it to doubtful cases. That is the only class of cases in which good character is available; yet it looks paradoxical to say that a man would need the benefit of a good character in a doubtful case. Now, what does it mean? It is not a paradox when properly understood. Good character is not of any avail as against positive proof. If it were allowed to raise a doubt in the minds of the jury, it would be tantamount to saying to a man, you may go and commit one crime, and, your

character up to that time being good, the value of that character will raise such a doubt in the minds of the jury that you can be acquitted. That won't do. That would be licensing every one and any one in the community to commit one crime. What does it mean, then? It means this, and I can make it clearer by an illustration than by a definition. * * * Character is valuable in law, valuable in society, it is valuable everywhere, but only in doubtful cases; that is, as to the motive with which a thing is done," &c.

Was this error of law on the part of the judge? The law is tender to the life and liberty of the citizen. It declares that no man shall be convicted of crime unless the proof is clear "beyond a reasonable doubt," and, certainly when a felony is charged, it also gives the accused the privilege of proving his general good character; that is to say, a character inconsistent with the crime charged. In these rules of evidence we see no necessary paradox; there is between them no conflict or inconsistency, unless we limit the rule as to good character to doubtful cases. In that view it would seem that this rule is at least superfluous, for in a doubtful case the party is entitled to be acquitted under the general rule as to doubt, without any aid from that as to character. But does the law absolutely limit the rule as to good character to doubtful cases? If so, such evidence is made dependent, not on any established principle, but on what may be the facts of a particular case, without having the means of deciding in advance to which category, as being clear or "doubtful," it may belong. As we understand, it is the privilege of the accused, in all cases where character is admissible, to put in evidence his good character without regard to the other proofs in the case, and it is for the jury to consider it in connection with the other evidence, and determine what force and effect it should have.

It may be true generally that evidence of good character should have more weight in doubtful cases of a particular character; and we think some confusion upon the subject has arisen from this fact; from overlooking the difference between the right and the force to which it may be entitled, and from the practice of explaining to juries that such evidence is most valuable, or only valuable, in such cases. Most certainly the commission of crime

must have a beginning, and there is always what may be called the
first offence, in which the previous good character, or at least the
fact that the accused had never before offended, may be thrown into
the scale.    But it does not follow that even in such a case proof
of character must necessarily result in acquittal.    No doubt there
are such cases where the other evidence is so clear as to utterly
overwhelm the effect of the proof of character, in which, while
good character may be proved, it is also proved beyond doubt
that the party committed the offence.    As such proof is not ex-
pected, and may not out-weigh all the other evidence, we can
perceive no reason why proof of good character in all cases
should not be considered by the jury for what it is worth.    It
strikes us that it is a mistake to suppose that such rule "would
be tantamount to saying to a man that you may go and commit
one crime and your character will save you."

In 2 *Russell on Crimes*, 786, it is said :  "Juries have gen-
erally been told that when the facts proved are such as to satisfy
their minds of the guilt of the party, character, however excel-
lent, is no subject for their consideration ; but when 'they enter-
tain any doubt as to the guilt of the party, they may properly
turn their attention to the good character which he has received.
It is, however, submitted with deference that the good char-
acter of the party accused, satisfactorily established by compe-
tent witnesses, is an ingredient which ought always to be submit-
ted to the consideration of the jury, together with the other facts
and circumstances of the case.    The nature of the charge, and
the evidence by which it is supported, will often render such
ingredient of little or no avail; but the more correct course
seems to be, not in any case to withdraw it from consideration,
but to leave the jury to form their conclusion upon the whole
of the evidence, whether an individual, whose character was
previously unblemished, has or has not committed the particu-
lar crime for which he is called upon to answer."    And in a
note is cited the case of *Rex* v. *Stannard*, 32 *E. C. L. R.*, 681,
in which Patterson, Justice, said :  "I cannot on principle make
any distinction between evidence of facts and evidence of charac-
ter; the latter is equally laid before the jury as the former, as being
relevant to the question of guilty or not guilty.    The object of

laying it before the jury is to induce them to believe, from the improbability that a person of good character should have conducted himself as alleged, that there is some mistake or misrepresentation in the evidence on the part of the prosecution, and it is strictly evidence in the case."

In *Wharton's Criminal Evidence,* sections 66 and 67 (1884), it is said : "It has been argued by high authorities that good character is of weight only in doubtful cases; but the better opinion is to the contrary. In the first place, it is conceded on all sides that evidence of character, when offered by the defence in criminal cases, is always relevant. Technically, therefore, it is always material. If immaterial, it should be rejected as irrelevant; but it never can be rejected as irrelevant, therefore it never can be regarded as immaterial. To this it is answered that the court, when admitting it as relevant, does not decide on its materiality, materiality being for the jury ; but this virtually concedes that the question is one of logic, and not of law. It makes the weight of evidence as to character dependent, not on any rules arbitrarily pre-assigned, but on the facts of each particular case. It is substantially argued by Talfourd, J., that it is a *petitio principii* to say that evidence as to character is entitled to weight only in doubtful cases, when really it is to make the case doubtful that such evidence is offered. In some instances in which guilt would be otherwise established beyond reasonable doubt, evidence of good character may justly produce an acquittal. But in all cases it is an item of proof to be considered by the jury." See also many cases cited in the notes of Benet & Heard to 2 *Lead. Crim. Cas.,* 351, and 3 *Greenl. Evid.,* § 25 (1st edit., 13).

This is undoubtedly the rule laid down by elementary works and leading modern authorities, and we have not been able to find anything in our own decided cases which conflicts with it. Only two have been brought to our attention, and they did not decide the precise point made here. The *State* v. *Ford,* reported in a note to the *State* v. *Brown,* 3 *Strob.,* 526. In this case the prisoner was indicted for stealing slaves. He made no proof of good character, but relied upon the naked presumption of innocence. The Circuit Judge stated to the jury that in two cases

proof of good character would make the scale preponderate in favor of a prisoner, viz., where his guilt depended on the legal presumption arising from his possession of the stolen articles, and in a case of doubt. Upon appeal the court said: "This ground is explained in the report (that no evidence of good character was offered). In a criminal case, character, to receive consideration must be proved. Indeed, such proof is the prisoner's privilege. He will be allowed (say the authorities) to call witnesses to speak generally as to his character. If he does not avail himself of this privilege, how can he claim any other benefit from the legal presumption that he is of good character, save that which is afforded to every criminal, that he shall be held to be innocent until his guilt be established to the satisfaction of the court and jury? It is in cases of doubtful facts or to rebut the legal presumption of guilt arising from the possession of stolen articles, that good character proved in court is of most effect. In each there is a possibility of innocence, and proof of good character adds so much more to that possibility, that a conviction would be wrong; but without that proof the prisoner has no advantage from character," &c. This is undoubtedly correct, and we see in it nothing in conflict with the rule as announced by the authorities herein cited.

The *State* v. *Edwards*, 13 *S. C.*, 30. In this case the parties were indicted for grand larceny. There was proof of the good character of the defendant. The case went off on other grounds, but in commenting on a ground of appeal "that there was error in charging that testimony as to good character can have no weight, except in doubtful cases," the court say: "The charge that good character can have no weight except in doubtful cases might have the effect under some circumstances to divert the attention of the jury from the real importance of good character. The bearing of such evidence is directly upon the intent or motive to be ascribed to the conduct of the party, and the proof of good character may have the effect to call for a higher degree of certainty in the proofs of the conduct of the party than would be requisite if a notoriously bad character was shown. If a person of undoubted character is seen in the act of lifting goods from the counter of a store, an intent to steal could not be made out

against such proof of character, on testimony that might be abundantly sufficient to convict a notorious thief. While therefore the charge is not in itself necessarily erroneous, it is apparent that it might become so under circumstances easy to conceive. Its bearing in the present case need not be considered, as the case is disposed of on other grounds," &c.

We think it was misleading and erroneous to charge the jury in general terms that "the law does limit the effect of good character to doubtful cases; and that it is only available in that class of cases."

This makes it unnecessary to consider the other exceptions as to alleged misconduct of some of the jurors and as to the clothes of the prisoner.

The judgment of this court is, that the judgment of the Circuit Court be set aside, and the case remanded in order that there may be a new trial.